### ANDREW HUNT v. THE STATE.

1. PLEADING. — It is a general rule that an indictment or information must directly and with certainty aver the facts which constitute the offence, and not leave them to be deduced by argument or inference.

2. INFORMATIONS. — The charging clause of an information referred to the supporting affidavit, and alleged that the affidavit "shows to the court" that the defendant did commit an aggravated assault with a deadly weapon on one Reid. *Held*, that the information charges no offence.

3. AGGRAVATED ASSAULT. — A charge to the jury is erroneous which authorizes them to convict for aggravated assault upon proof of a circumstance of aggravation other than the one alleged.

4. PRACTICE. — Though it is not incumbent on the court to charge the jury in a misdemeanor case, unless requested to do so, yet the court is not inhibited from doing so in writing. On this subject the case of *Hobbs* v. *The State*, 7 Texas Ct. App. 117, is cited with approval.

APPEAL from the County Court of Rains. Tried below before the Hon. E. P. KEARBY, County Judge.

The conviction was for aggravated assault and battery, and the punishment assessed was a fine of $100.

*C. H. Yoakum*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. One ground of the motion in arrest of judgment was that the information did not charge any offence against the law, in plain and intelligible language, and that it was vague, indefinite, and uncertain. We copy the following portion of the information, viz.: "In the name and by the authority of the State of Texas, H. N. Brook, county attorney of Rains County, duly elected and qualified according to law, now here in the County Court of Rains County, presents this information, founded on the written affidavit of J. C. Duncan, which shows to the court that heretofore, to wit, on the fourth day of July, 1880, in the county of Rains and State of Texas, one

Andrew Hunt, in the county of Rains and State of Texas, did then and there commit an aggravated assault and battery with a deadly weapon upon the person of Silas Reid," etc.

There is no direct, positive, affirmative averment in the information that the defendant Hunt did the act complained of, but simply a statement or recital that the written affidavit of J. C. Duncan *shows* that he (the defendant) did the acts complained of. "It is a general rule with regard to the certainty in indictments and informations, as to the manner of making the averments in all cases, that those which are descriptions of the crime must be introduced upon the record by averments, in opposition to argument or inference. In a word, the facts constituting the offence must be averred directly, forcibly, and with certainty, and not by way of argument or inference." *Parker* v. *The State*, decided at the present term, and authorities cited (*ante*, p. 351). The information as set out above is inadequate to fill the measure of this rule, and on that account the judgment should have been arrested.

Error was also committed by the court in charging and submitting to the jury other grounds and circumstances of aggravation than the one alleged in the information — *i.e.*, a deadly weapon. *Kennedy* v. *The State, ante*, p. 399. A bill of exceptions with regard to this error was properly reserved at the time by the defendant.

A bill of exceptions is reserved and set out in the record to the action of the court in charging the jury in writing, without having been requested to do so by either the State or the defendant. There is no law which inhibits a court from giving a written charge in a misdemeanor case without being requested to do so, nor is there any law requiring him to give a written charge in such cases where he has not been requested. In Hobbs' case the statutes upon the subject were quoted and construed, and it was said: "It seems plain that these statutes intended expressly to relieve

judges of the labor and duty of writing charges in misdemeanor cases, and we think that in some instances it is not only unnecessary, but it would be highly proper for them to decline to do so." 7 Texas Ct. App. 117. We still think so.

Because the information is fatally defective, and because the court erred in submitting other issues than the one involved in the case, the judgment is reversed and the cause remanded.

*Reversed and remanded.*